```
                                      United States District Court
                                      District of ...
                                      FILED AT    ...PORT

                                      __10/24/03_____20
                                      Kevin F. Rowe, Clerk
                                      By_____
                                              Deputy Clerk
```

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STANLEY PIURKOWSKI:                    :    CIV. NO. 3:01CV00302 (SRU)
    Plaintiff,

vs.

MICHAEL GOOGIN, FRED SPAGNOLO,
DETECTIVE JAMES EGAN, DETECTIVE
DeMATTEIS, DETECTIVE KOSHES,
OFFICER KLUNTZ, OFFICER SMITH,
OFFICER JONES and OFFICER
APPICELLA,                             :    OCTOBER 24th, 2003
    Defendants.

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

**I.    FACTS**

Plaintiff brought this action by complaint dated February 28, 2001 against eight Waterbury Police officers MICHAEL GOOGIN, FRED SPAGNOLO, DETECTIVE DeMATTEIS, DETECTIVE KOSHES, OFFICER KLUNTZ, OFFICER SMITH, OFFICER JONES and OFFICER APPICELLA, for the alleged execution of a warrant in an unreasonable manner. On October 6, 2001, plaintiff amended his complaint to name a new defendant, DETECTIVE JAMES EAGAN, as having stolen $4,000 from his home during the course of the execution of the warrant.

At no time did the plaintiff conduct discovery in this case. Not a single deposition was taken nor were any written discovery requests ever served upon the defendants.

The defendants moved for summary judgment on September 30, 2002. The plaintiff filed his opposition on December 11, 2002 and oral argument was held on July 7, 2003. On that date, it was noted that plaintiff failed to provide an affidavit in support of his opposition.

Specifically, nothing in plaintiff's opposition supported his cursory claim that the defendant Egan or any other defendant stole $4,000.00 from his home. The plaintiff's opposition also provided no support for his claim that each and every defendant acted in concert with one another as to his claim for theft or unreasonable execution of a search warrant. The Court denied defendants' motion for summary judgment.

Well before the trial in this case, and at least during settlement discussions, Attorney John Williams was made aware of the fact that Lieutenant Egan was not working or present at the plaintiff's home on the evening that the warrant was executed.

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

At no time did the plaintiff move to dismiss defendant Egan from the case.

Trial against the defendants commenced on October 6, 2003. The plaintiff was clearly made aware, during opening statements, that Lieutenant Egan was not present during the execution of the warrant. The plaintiff's mother also testified during the trial that the only officer she recognized was Sergeant Spagnolo.

During plaintiff's testimony at trial, he admitted that he never saw any one steal money. In fact, the only basis he had for accusing the defendant Egan was that he was a big guy and saw him a bar where the bartender identified him as James Egan. In the middle of plaintiff's testimony, however, plaintiff moved to dismiss the defendant James Egan on the ground of mistaken identity.

The plaintiff then went on to make the claim that Fred Spagnolo stole the money. Apparently, since Spagnolo was also big guy and was identified as being present during the search, this was a good basis for accusing him of being a thief. The claim that any of the other officers were participants or had

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

knowledge of an alleged theft had absolutely no support, ever, in the record or during the trial.

After the plaintiff rested, the Court granted defendants' motion for judgment as to defendants Googin, DeMatteis, Koshes, Kluntz, Smith and Appicella. The plaintiff did not present a shred of evidence, ever, that these defendants had any knowledge of alleged unconstitutional conduct by defendants Spagnolo and Jones.

On October 8, 2003, the jury returned verdicts in favor of the remaining defendants Spagnolo and Jones.

All defendants through their counsel now move for an award of counsel fees as the prevailing parties.[1]

## II. ARGUMENT

Under 42 U.S.C. § 1988(b) the Court, in its discretion, may allow reasonable attorneys' fees to the prevailing party as a part of the costs of the case. In Hughes v. Rowe, 449 U.S. 5, 101 (1980) the Supreme Court adopted the same standard for §

---

[1] 42 U.S.C. § 1988(b) provides: In any action or proceeding to enforce a provision of Sections 1981, 1981(a), 1982, 1983, 1985 and 1986 of this Title, Title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, or Title VI of the Civil Rights Act of 1964, the Court in its discretion may allow the prevailing party, other the United States, a reasonable attorney's fees.

- 4 -

1988 cases as it had previously employed in Title VII cases; that attorney's fees may be awarded to prevailing defendants when the plaintiff's action is "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith". Id. at 14. See Christenberg Garment Company v. EEOC, 443 U.S. 412 (1978); Davis v. Charleston, 917 F.2d 1502 (8th Cir. 1990). Additionally, an award may be made when the plaintiff continues to litigate after it clearly becomes evident that the claim was without basis. Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986).[2]

The actions of the plaintiff, by and through his counsel, were indeed frivolous, if not done in bad faith. From the beginning, it was clear that the evidence could not and would not support plaintiff's heinous allegation that any of the Waterbury police officers stole $4,000.00 from his home.

---

[2] It should be noted that an attorney who files a frivolous lawsuit can be sanctioned. Fed. R. Civ. P. 11. That is, "Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success." Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 626 (2d Cir. 1991). In this case, it was clear, at the very least when the plaintiff moved to dismiss defendant Egan, that the claim of theft had no chance of success and served only to subject defendant Spagnolo as well as the remaining defendants to suffer undue embarrassment, harassment and stress. Moreover, the circumstances under which the complaint was amended and the fact that no investigation or discovery was undertaken in this case is simply egregious.

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

Moreover, there was no credible evidence in this case that defendants conducted an unreasonable search of his home. At this juncture, it does not seem surprising that a sworn affidavit by the plaintiff was not submitted at the time of summary judgment inasmuch as it could not corroborate his claims in this case.

The fact that summary judgment was denied as to these defendants, or even that the case was allowed to go to the jury as to two of these defendants, does not prevent an award of attorneys' fees to them as prevailing defendants. <u>Flowers v. Jefferson Hospital Assoc.</u>, 49 F.3d 391, 393 (8th Cir. 1995); <u>See also</u> <u>Dangler v. Yorktown Central School</u>, 777 F.Supp. 1175, 1178 (S.D.N.Y. 1991); <u>Steinberg v. St. Regis-Sheraton Hotel</u>, 583 F. Supp. 421, 424 (S.D.N.Y. 1984).

In <u>Perry v. S.Z. Restaurant Corp.</u>, 45 F.Supp.2d 272 (1999), the Court allowed defendants an award of attorneys' fees, even though summary judgment was denied. The Court explained that the even though the summary judgment motion was based solely on the "plaintiff's own affidavit", the plaintiff could "theoretically make out a case of discrimination even if the

- 6 -

only thing he relied upon for evidence was his own testimony." Id. at 274. Notwithstanding, attorneys' fees were granted because "[a]t trial it became apparent that much of Perry's testimony was not credible and that key facts had been left out of Perry's affidavit on the summary judgment motions." Id.

In this case, plaintiff did not even provide the Court with an affidavit, however, it was evident that the basis for denying the motion was plaintiff's own testimony. At the time of trial though, it became painfully clear to these defendants that the allegation of theft was patently absurd, simply made up, and was directed at any one of the defendants at the plaintiff's whim. Such a claim is clearly vexatious, frivolous and/or brought to harass or embarrass the defendants. Not only was the plaintiff's testimony incredible but there was no evidence whatsoever to support the claim.

The plaintiff's allegation of unreasonable search and seizure against these nine defendants was equally frivolous. As demonstrated by the fact that defendants' Rule 50 motion, was

- 7 -

granted, there was absolutely no basis for a claim that defendants acted in concert with one another.[3]

Of course, it may not be easy to allocate the costs of defending each of these defendants. In fact, defendant Egan was the subject of one isolated claim of theft, which was then redirected to defendant Spanolo as a bolt from the blue. This alone, however, does not prevent an award of attorneys' fees. See Evans v. Port Authority, 2003 WL 1992390, * 2 (S.D.N.Y.)(an isolated claim directed at one defendant, which is patently insufficient, is frivolous.). Therefore, the entire cost of defense may be awarded. See Hensley v. Exkerhart, 461 U.S. 424, 433-35 (1983); Bonner v. Guccione, 178 F.3d 581, 600 (2d Cir. 1999).

---

[3] Apparently, the practice of plaintiff's counsel is to look at a police incident report and proceed to name each of the identified police officers as defendants in a federal complaint. Thereafter, no discovery is taken, which could at least help to identify who actually might be possibly responsible for the particular allegations, thereby subjecting everyone to years of litigation. This approach is irresponsible and in this case, patently frivolous. The plaintiff subjected an entire department of the Waterbury Police to a lawsuit in which the claims simply had no support. Of course, this is financially burdensome to the municipality. More importantly though, and contrary to popular belief, the police officers are personally affected. It is embarrassing, humiliating and causes undue strife to their personal lives and their careers.

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

III. **CONCLUSION**

The defendants in this case are prevailing parties pursuant to 42 U.S.C.§ 1988(b). Inasmuch as one or all of plaintiff's claims against one or more of the defendants was vexatious, frivolous and/or brought to harass or embarrass the defendants, they are entitled to an award of reasonable attorney's fees.

WHEREFORE, defendants respectfully request that their motion be granted.

```
                              DEFENDANTS, FRED SPAGNOLO,
                              DETECTIVE JAMES EGAN,
                              DETECTIVE DeMATTEIS,
                              DETECTIVE KOSHES, OFFICER
                              KLUNTZ, OFFICER SMITH,
                              OFFICER JONES and OFFICER
                              APPICELLA


                          BY  /s/ M. Holmes
                              _____
                              Michelle Holmes
                              Federal Bar No.: ct20014
                              Sack, Spector & Karsten
                              836 Farmington Avenue
                              West Hartford, CT 06119
                              Their Attorney
```

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 24th day of October, 2003, to the following counsel of record:

John R. Williams, Esquire
Williams & Pattis, LLC
51 Elm Street
New Haven, CT  06510

_____
Michelle Holmes

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776