FILED

2003 NOV 13  P 12: 45

UNITED STATES DISTRICT COURT DISTRICT COURT
BRIDGEPORT CT

DISTRICT OF CONNECTICUT

STANLEY PIURKOWSKI                          :

VS.                                          :       NO. 3:01CV302(SRU)
                                             :
MICHAEL GOGGIN, ET AL.                      :       NOVEMBER 11, 2003

## BRIEF IN OPPOSITION TO MOTION FOR ATTORNEY FEES

Despite the fact that a motion for summary judgment was denied, as well as important portions of a motion for directed verdict at the close of the evidence, and the highly important fact that all the defendants offered to settle this case by the payment of money damages on the eve of trial, the defendants move for an award of attorney fees (in an unspecified amount) pursuant to 42 U.S.C. § 1988. That motion must be denied.

"The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, was designed to allow private individuals a meaningful opportunity to vindicate civil rights violations. As stated in the legislative record, '[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.' S.Rep.No. 1011, 94th Cong., 2d Sess. 2 (1976)...." Ortiz v. Regan, 980 F.2d

138, 140 (2nd Cir. 1992).

"An award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct....A prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation...." Riddle v . Egensperger, 266 F.3d 542, 547 (6th Cir. 2001); Dubuc v. Green Oak Township, 312 F.3d 736, 754-55 (6th Cir. 2002); Tahfs v. Proctor, 316 F.3d 584, 596 (6th Cir. 2003). The court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).

In Leffler v. Meer, 936 F.2d 981 (7th Cir. 1991), the court held that defendants have a duty to mitigate damages by moving for summary judgment at the earliest possible opportunity and cannot seek attorney fee awards for time expended after the point at which they could have successfully terminated the litigation. And the Second Circuit, in Toliver v. County of Sullivan, 957 F.2d 47 (2nd Cir. 1992) (*per curiam*), held that the ability to pay a fee award should always be considered and particularly so when the fee is being awarded against a relatively impecunious plaintiff.

In deciding whether such fee awards are proper, the district court should look first to its prior rulings in the case itself.  If the court previously denied a motion to dismiss for failure to state a claim, a pretrial motion for summary judgment, or a mid-trial motion for judgment as a matter of law, then there absolutely is no basis for awarding attorney fees to the prevailing defendant. Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2nd Cir. 2001); LeBlanc-Sternberg v. Fletcher, 143 F.3d 765 (2nd Cir. 1998).  The Eleventh Circuit, "recognizing that determinations regarding frivolity [the necessary prerequisite to a reverse fee award] are to be made on a case-by-case basis, has identified several factors to help inform that determination, among them: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'"  Bruce v. City of Gainesville, 177 F.3d 949, 952 (11th Cir. 1999), citing Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985).

Here, a motion for summary judgment was denied.  A motion for directed verdict was denied in important respects.  And each and every one of the defendants offered to settle the case by the payment of money damages shortly before the start of trial.  On these facts, there is no basis for an award of reverse attorney fees and the defendants' motion must be denied.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Michelle Holmes, Sack, Spector & Karsten, 836 Farmington Avenue, West Hartford, CT 06119.

JOHN R. WILLIAMS