UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STANLEY PIURKOWSKI

      v.                        3:01CV302 SRU

MICHAEL GOOGIN, et al

RULING ON BILL OF COSTS

On October 10, 2003, judgment entered for the defendants after a jury verdict. On November 14, 2003, the defendants submitted a Bill of Costs. On November 20, 2003, the plaintiff's filed an objection and on November 21, 2003, the defendants' replied to the objection, the matter is now ripe for decision. For the reasons stated below, defendants' bill of costs is granted in part and denied in part.

      A. FEES FOR COURT REPORTER: Defendants are entitled to costs for an original and one copy of the transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Pursuant to Vol VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, Wahl v. Carrier Mfg. Co., Inc. 511 F.2d 209, 217 (7$^{th}$Cir., 1975). Condensed, ASCII disk, expedited or daily transcripts are also not recoverable as costs. Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2.(ii), therefore, the defendants' claims for court reporter's fees are allowed as follows:

1. The defendants submit a claim for the deposition transcript of Stanley

PIURKOWSKI in the amount of $672.89.  Mr. PIURKOWSKI testified at trial and it is reasonable that the transcript would have been used at the trial for cross-examination or impeachment purposes, therefore this claim is allowed.

2.  The defendants submit a claim for the deposition transcript of W. Eric von Brauchitsh in the amount of $658.84.  The plaintiff objects as Mr. Von Brauchitsh did not testify at trial.  The defendants reply that the transcript was used in their motion in limine and the court file reflects a motion in limine filed by the defendant regarding the testimony of Eric von Brauchitsh.  Therefore this claim is allowed, but it is reduced to $565.77 which is the cost of an original and one copy at the prevailing page rate of $3.75 per page.

3.  The defendants submit a claim for the trial transcript in the amount of $122.90.  There is no indication why this claim was necessary and not obtained for the convenience of counsel.  Therefore, this claim is disallowed.

Costs are entered in the amount of **$1,238.66**.

    B. FEES OF THE SHERIFF:  Process server fees are taxable only to the extent they do not exceed the costs that would have been incurred had the U.S. Marshal effected service, since only the Marshal's fee amount is actually statutorily authorized, U. S. V. Merritt Meridian Construction Corp., 95F.3rd 153 (2d Cir., 1996).

1.  The defendants submit a claim in the amount of $42.80 for service of a deposition subpoena on Eric von Brauchitsh and  this claim is allowed in the amount of $42.80.

2.  The defendants submit a claim in the amount of $46.40 for service of a subpoena, but the supporting documentation does not reflect the name of the person served.  It is represented by counsel that the subpoena was served on Dr. Shiela Zimmerman.  This

claim is disallowed because this person did not appear at trial and was not used as a witness.

Costs are entered in the amount of **$42.80**.

    <u>C. FEE FOR EXPERT WITNESS:</u>   The defendants submit a claim in the amount of $306.00 for New England Adjusters, W. Eric von Brauchitsh.   Compensation for an expert witness in excess of the statutorily allowed limits are not allowed pursuant to Local Rule 54(c)7(vii).  Therefore the claim for $300.00 is reduced to $40.00 which is the statutory witness attendance fee.

Costs are entered in the amount of **$40.00**.

    <u>D. SUMMARY:</u> For the reasons previously stated, the defendant's bill of costs are allowed as follows:

| | |
|---|---|
| Fees of the Court Reporter | $1238.66 |
| Fees of the Sheriff | $   42.80 |
| Fees for Witnesses | $   40.00 |
| Total | $1321.46 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Bridgeport, Connecticut, this 28th day of January, 2004.

                                          KEVIN F. ROWE, Clerk

                                          By_____
                                                  Deputy-in-Charge